IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GEORGE STAMOS, JR.,

      Plaintiff,                              No. CIV S-11-2201 GEB DAD P

   vs.

R.J. RACKLEY, et al.,

      Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

       The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis. The statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[T]he plain language of § 1915(g) requires that the court look at cases

1

dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. "[P]laintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008). Where a district court disposes of a prisoner's complaint without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g). Id. at 1153. "[A] dismissal ripens into a strike for §1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expires, if he did not." Silva v. DiVittorio, 658 F.3d 1090, 1100 (9th Cir. 2011) (internal quotation marks omitted).

Here, court records reveal that on at least three previous occasions, plaintiff has brought actions in this court while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1] See Stamos v. McEwen, No. 1:03-6402 OWW SMS, Order (Doc. No. 41) filed Apr. 27, 2004 (dismissed for failure to state a claim and appeal dismissed for lack of jurisdiction on Dec. 20, 2004); Stamos v. Citrus Heights Police, No. 2:04-0295 MCE GGH, Order (Doc. No. 45) filed Oct. 22, 2004 (dismissed for failure to state a claim with judgment affirmed on appeal on Jan. 9, 2006); Stamos v. McEwen, No. 1:04-5818 AWI SMS, Order (Doc. No. 25) filed Sept. 16, 2004 (dismissed as frivolous and malicious and appeal dismissed on Feb. 18, 2005 for lack of jurisdiction).

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Additionally, in his complaint filed in this action plaintiff has not alleged facts suggesting that he is under imminent danger of serious physical injury and, therefore, this action does not fall into the exception created by 28 U.S.C. § 1915(g).  Plaintiff alleges that on two past occasions he was required to sleep on a mattress on the floor of his cell because a lower bunk was unavailable.  Plaintiff contends that he cannot sleep in an upper bunk due to his disability.  He seeks monetary damages in the amount of $25,000 for the infliction of cruel and unusual punishment.  The court finds that these allegations do not support a finding that the pending complaint presents a situation involving imminent danger of serious physical injury to plaintiff.  Rather, plaintiff's allegations concern only his past housing assignment and the discomfort he suffered at the time of those assignments.  The allegations involve neither an ongoing or current problem nor a current threat of harm to plaintiff.

Accordingly, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied and that this action be dismissed, unless plaintiff pays the full statutory filing fee within the fourteen-day deadline to file objections to these findings and recommendations.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 14, 2011 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed without prejudice, unless plaintiff pays the full statutory filing fee by the deadline for the filing of objections to these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

1 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2 F.2d 1153 (9th Cir. 1991).

3 DATED: March 28, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

6 DAD:4
stam2201.1915g